WILLIAM J. MILLER *vs.* IRISH CATHOLIC COLONIZATION ASSOCIATION OF THE UNITED STATES.

January 31, 1887.

**Vendor and Purchaser—Delivery of Deed to Third Person for Purchaser.**—The plaintiff, having contracted for the purchase of land from the defendant, and having paid the price, seeks to recover it back upon the alleged ground that the defendant has refused to deliver a deed of the premises, or to sell the same to him. It appearing that the defendant had delivered a deed to a person, one Jones, who had been authorized by the plaintiff to receive it, and that the deed has ever since been retained by him, the plaintiff cannot recover, in the absence of proof of the insufficiency of such deed.

**Same—Incompetent Evidence to prove a Fact Presumed.**—Incompetent secondary evidence on the part of the defendant, relating to the execution of the deed, *held* harmless, since it only went to prove what should be presumed without such evidence.

**Same—Evidence of Authority to receive Deed.** — It being in dispute whether Jones was authorized to procure the deed from the defendant, an agreement between the plaintiff and another person, that Jones should receive and retain the deed, is admissible in evidence.

**Same—Incumbrances—Servitudes.**—Proof of existing incumbrances and servitudes upon the land, and of defects in the defendant's title, *held* irrelevant to the cause of action alleged.

Appeal by plaintiff from a judgment of the district court for Nobles county, where the action was tried by *Perkins*, J., without a jury.

*Daniel Rohrer*, for appellant.

*C. O. Dailey* and *Geo. W. Wilson*, for respondent.

DICKINSON, J.   This action is for the recovery of the purchase price which had been paid to the defendant for land which the plaintiff claims the defendant to have contracted to sell to him.   The breach of obligation on the part of the defendant, as alleged in the complaint, is the refusal of the defendant "to deliver a deed of said premises to the plaintiff, or to sell him said premises," and the refusal to repay the money paid.

In 1880 the defendant had contracted with one Halloran to convey the land to him in fee, by good and sufficient warranty deed, free from incumbrances, upon payment of the stipulated price.   Halloran not having paid the purchase price, the plaintiff, in 1884, negotiated with the defendant for the purchase.   The precise nature of the contract then made is not fully shown by the evidence.   The answer alleges an agreement on the part of the defendant to make a warranty deed of the premises to the plaintiff, on receiving an assignment from Halloran, and the payment of the amount due on Halloran's contract.   The plaintiff procured an assignment from Halloran to himself, and caused the same to be forwarded to the defendant in Chicago, with a sum of money sufficient to pay what was due on the Halloran contract, which is the money sought to be recovered again in this action.   The assignment and money were forwarded through one Jones.   It is found by the court, upon evidence which justifies the findings, that it was agreed between Halloran and the plaintiff that the deed should be deposited with Jones until the plaintiff should perform certain other agreements made with Halloran, which plaintiff never has performed; and, in substance, that Jones was constituted the agent of the plaintiff for the purpose of obtaining the deed from the defendant.   A deed was forwarded from the defendant at Chicago to Jones, which has since remained in his custody.   Jones notified the plaintiff that he had received the deed, but the plaintiff has never requested that it be delivered to him.

In view of these facts, and of the cause of action upon which a re-

covery was sought, the denial of a recovery was right. The cause of action alleged is the refusal to deliver a deed of the premises to the plaintiff or to sell the same to him. The executing of a deed in proper form, and its delivery to a person authorized by the plaintiff to receive and hold it, would be a performance of the obligation of the defendant, so far as related to the delivery of the deed. The deed not having been introduced in evidence, nor its contents shown, it does not appear whether it was such a deed as the defendant should have executed and delivered. But the defendant having, as performance on its part, delivered[1] a deed to the person authorized by the plaintiff to receive the conveyance, and it still remaining in the hands of that person, it is to be presumed as a fact, in the absence of other proof, that the deed was unobjectionable in form. As between the plaintiff and the defendant, the person so authorized would be the agent of the former, and the delivery of the deed to him would be as though it had been delivered to the plaintiff. If the conveyance thus received and retained was not such as the plaintiff was entitled to, it became incumbent upon him, in order to establish the cause of action alleged, to show that it was defective. But the action seems not to have been prosecuted upon the theory that this deed was defective, but upon the ground that its delivery to Jones was unauthorized. The plaintiff makes an assignment of error upon the fact that the court received secondary evidence that the deed was witnessed. The evidence was not admissible, but as it only went to establish the sufficiency of the deed, which should be presumed valid, under the circumstances, in the absence of any evidence as to its validity, the evidence was harmless.

Upon the trial, Jones was asked whether the leaving of the deed with him until the conditions could be performed by Miller in regard to the other land was a part of the conditions on which the assignment from Halloran was obtained. He answered that it was. It is urged that such evidence was not admissible, because such an agreement merely between Miller and Halloran would not authorize the defendant to deliver the deed to Jones. Conceding this, the evidence was relevant to the disputed point as to whether the plaintiff had himself authorized Jones to receive and retain the deed. Jones's

testimony that he held the deed by authority of the plaintiff, we understand to mean no more than that it was by his direction; not a mere conclusion of the witness, but the statement of a fact.

The court properly excluded evidence offered to show incumbrances or charges upon the land for taxes, the rendition of a tax judgment, and the sale of the property; and as to the land being subject to an easement of way in favor of a railroad corporation. These matters were irrelevant to the cause of action asserted by the plaintiff, and for this reason, if for no other, the exclusion of the evidence was not error. *Cogan* v. *Cook*, 22 Minn. 137. The complaint is not for a defect of title in the defendant, nor for incumbrances or servitudes upon the land, but for a refusal to deliver a deed of the premises.

It is urged that the finding of the court is insufficient to support the judgment, because it is not expressly found that the deed delivered was a warranty deed. The trial court evidently deemed the action to have been founded upon the theory that the delivery of the deed to Jones was unauthorized, and that no issue was tendered as to the sufficiency of that deed. We think that the court was justified in this view of the case. It was hence unnecessary to find as to the form of the deed, which, as has been found, had been received by the plaintiff's authorized agent (and, in legal effect, as between the parties, by the plaintiff himself) a year prior to the commencement of this action, and which had been ever since retained, and so far as appears without objection.

Judgment affirmed.